# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) Case No: 1:18-CR-00224-LHR-SKO-1 |
| Plaintiff, | ) **MEMORANDUM OPINION AND** |
| | ) **ORDER DENYING COMPASSIONATE** |
| | ) **RELEASE** |
| v. | ) |
| MANSOOR AZIZ AHMED, | ) |
| Defendant. | ) |

Mansoor Ahmed has served approximately 10 months of a 21-month sentence imposed after he pleaded guilty to making a materially false statement on an application for his store to participate in the U.S. Department of Agriculture food stamp program, in violation of 18 U.S.C. § 1001. Ahmed told the government that no officer, owner, manager member, or partner of his store was a felon. Ahmed had three prior felonies. After he pleaded guilty, while on pretrial release, he tested positive for cocaine, and then he failed to timely self-surrender. When he was arrested, he had a loaded gun with him, resulting in another felony indictment. He was sentenced to 21 months, below the guideline range, despite his conduct and his criminal history category of VI. Now, after 10 months of incarceration, he seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), asking for time served and home confinement. (Docket Entry No. 49). He bases his request on his fear of COVID. The government opposes the motion. (Docket Entry No. 54). The record does not justify the relief he seeks, and it is denied.

Before filing a compassionate release motion under § 3582(c)(1)(A), a defendant must "fully exhaust[] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [wait for] the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

In January 2021, the MDC Los Angeles warden denied Ahmed's request for compassionate release. (Docket Entry No. 54 at 4). Ahmed timely filed this motion.

Courts generally "may not modify a term of imprisonment once it has been imposed." *Dillon v. United States*, 560 U.S. 817, 819 (2010) (quoting 18 U.S.C. § 3582(c)). But a court may reduce a defendant's sentence if "the factors set forth in section 3553(a)" and "extraordinary and compelling reasons" justify a reduction. 18 U.S.C. § 3582(c)(1)(A).

The comments to the United States Sentencing Guidelines § 1B1.13 provide that a defendant can show "extraordinary and compelling reasons" if (a) the defendant suffers from certain medical conditions, (b) the defendant is at least 75 years old and meets other requirements, (c) certain family circumstances exist, or (d) other extraordinary and compelling reasons exist. U.S.S.G. § 1B1.13 cmt. n.1(A)–(D) (2018). A medical condition warrants release if the condition is "terminal" or it "substantially diminishes the [defendant's ability] to provide self-care within the environment of a correctional facility and . . . [the defendant] is not expected to recover." *Id*. at cmt. n.1(A).

"[I]n some exceptional cases," compassionate release may be warranted if a defendant "demonstrate[s] an increased risk of serious illness if he or she were to contract COVID." *United States v. Thompson*, 984 F.3d 431, 434 (5th Cir. 2021). Courts granting compassionate release have generally done so "for defendants who had already served [most of their] sentences and [had] multiple, severe, health concerns." *Id*. at 434–35. Compassionate release typically does not extend to otherwise healthy defendants or defendants with well-managed health conditions. *Id*. at 435.

The court acknowledges the grave threat of COVID-19. At MDC Los Angeles, as of March 23, 2021, 1 inmate and 8 staff members were confirmed as testing positive for COVID. Since the pandemic began, 296 inmates and 78 staff members contracted the disease and

recovered; 1 inmate died.  *See* BOP COVID-19 Resource Page, https://www.bop.gov/coronavirus (last visited March 23, 2021).  The Bureau of Prisons is taking significant steps to try to reduce the threat of further COVID infection in its facilities.

An inmate's medical conditions support compassionate release if those conditions "substantially diminish[] the ability of the [inmate] to provide self-care" and the inmate "is not expected to recover."  U.S.S.G. § 1B1.13 cmt. n.1(A).  An inmate who is at least 65, who is experiencing a serious deterioration in physical or mental health, and who has served the lesser of 10 years or 75 percent of the sentence, may also present a compelling case for release.  But Ahmed is 40, has served just over 30 percent of his sentence, and his medical conditions are neither terminal nor inhibit his ability to practice self-care.  Although Ahmed has contracted COVID twice, he recovered both times.  All these factors weigh against compassionate release.  He has not demonstrated "extraordinary and compelling reasons" warranting compassionate release under § 3582(c)(1)(A).

The § 3553(a) factors also support denying relief.  Ahmed's criminal history, new indictment while on pretrial release, and failure to self-surrender as ordered, all weigh heavily against an early release.

Ahmed's motion for compassionate release, (Docket Entry No. 49), is denied.

SIGNED on March 23, 2021, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge